DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, in which the trial court overruled appellant, Dorie F. II's, objections to the magistrate's decision denying his motion for custody of his son, D.J.[1] For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On August 29, 2003, the Lucas County Children Services ("LCCS"), filed a complaint and a motion for a shelter care hearing in the trial court, which alleged that appellant's son, D.J., was an abused, dependent and/or neglected child. After holding an evidentiary hearing, temporary custody of D.J. was awarded to his maternal grandmother. On November 19, 2003, an adjudicatory hearing was held, and D.J. was found to be dependent, neglected and abused. The matter was set for a dispositional hearing on January 21, 2004.
 {¶ 3} At the dispositional hearing, testimony was presented by D.J.'s social worker, maternal grandmother, and appellant. The same day, maternal grandmother filed a motion for permanent custody of D.J. On January 27, 2004, the magistrate filed a decision awarding custody of D.J. to maternal grandmother. On January 30, 2004, appellant, pro se, filed objections to the magistrate's decision.
 {¶ 4} On March 17, 2004, the trial court filed a judgment entry in which it adopted the magistrate's decision. In the judgment entry, the trial court stated:
 {¶ 5} "This matter comes before the court for independent review of the decision of Magistrate Brian C. Goodell signed on 01/21/2004. Having reviewed the decision, and finding no error of law or other defect, it is therefore ordered adjudged, and decreed that the magistrate [sic] decision signed herein on 01/21/2004 pertaining to hearing 01/21/2004 is adopted by the court; * * *." (Emphasis added.).
 {¶ 6} The same day, the trial court filed a separate judgment entry in which it found appellant's objections not well-taken. In that judgment entry, the trial court stated:
 {¶ 7} "This 17th day of March, 2004, this matter came on for ruling before Judge James Ray on an Objection to Magistrate's Decision filed by [appellant] pertaining to the hearing of January 21, 2004. No formalhearing was held. * * *." (Emphasis added.)
 {¶ 8} On April 13, 2004, a timely notice of appeal was filed. Appellant sets forth the following assignment of error:
 {¶ 9} "Trial court abused its discretion and denied Mr. F. due process in finding Mr. F's objection to magistrate's decision from the January 21, 2004 disposition hearing not well taken and denying the same."
 {¶ 10} The trial court's review of a magistrate's decision will not be overturned on appeal absent a finding of abuse of discretion. In reGoff, 11th Dist. No. 2005-A-0051, 2004-Ohio-7235, ¶ 33. "The term abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Appellant acknowledges,[2] and the record shows, the magistrate held an evidentiary hearing on January 21, 2004. Nevertheless, appellant futilely attempts to persuade us the phrase "no formal hearing was held" refers to proceedings before the magistrate. A more logical interpretation would be the trial court denied appellant's objections without holding a hearing. See Juv.R. 40.
 {¶ 12} Upon consideration of the entire record, we find appellant's tortured interpretation of the phrase "no formal hearing was held" is not only wrong, it is absurd. Accordingly, appellant has not demonstrated the trial court abused its discretion. Appellant's assignment of error is not well-taken.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, costs of these proceedings are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J. and Parish, J. concur.
[1] Court records show the child's name as Dorie F., III. For the sake of clarity, we will refer to the child throughout this opinion as D.J.
[2] Appellant supplemented the record on appeal with a transcript of the January 21, 2004 hearing.